UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

EMPLOYEE PAINTERS TRUST
HEALTH & WELFARE FUND, *et al.*,

    Plaintiffs,

    v.

PRO-TEC FIREPROOFING, INC., *et al.*,

    Defendants.

Case No. C06-1267RSL

ORDER GRANTING MOTION TO SET ASIDE DEFAULT AND DEFAULT JUDGMENT

    This matter comes before the Court on the motion of Joseph and Kristi[1] Turi to set aside the order of default, entered on April 4, 2007, and the order of default judgment, entered on April 5, 2007 against them. Pursuant to Federal Rule of Civil Procedure 55(c), "The court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." The Turis first learned of the entry of default when plaintiffs sought judicial attachment and execution of their real property in 2007.

    Plaintiffs allege that the Turis' company, Pro-Tec Fireproofing, performed bargaining unit work in the geographic jurisdiction of the plaintiff labor union. However,

---

[1] Kristi Turi, who also goes by the name Kristi Eler in some of the filings, was named as "Jane Doe" Turi in the complaint and the judgment.

ORDER - 1

they did not pay employee benefit contributions as allegedly required by the labor agreement.

As an initial matter, after the Turis filed this motion, plaintiffs filed a Notice of Stay due to the fact that Joseph Turi sought relief under Chapter 7 of the Bankruptcy Code. Because of the bankruptcy filing, plaintiffs' action against Joseph Turi was automatically stayed, and the Court requested additional information from the parties regarding how the stay affected the Turis' pending motion. The parties responded that the bankruptcy court has granted Mr. Turi's request for relief from the stay to permit him to challenge the default judgment. Accordingly, despite the bankruptcy proceedings, the Court considers the present motion.

The Turis argue that the default judgment is void because default was sought and entered prematurely. After obtaining the Court's permission, plaintiffs served the Turis by publication pursuant to RCW 4.28.100 on February 7, 2007. According to the summons published, the sixty-day time period for appearing and answering the summons would expire on Sunday, April 8, 2007. Therefore, the Turis were required to file their answer by April 9, 2007. Fed. R. Civ. P. 6(a). Joseph Turi sent a letter to plaintiffs dated April 1 and postmarked April 3, 2007. The letter was received by the Court on April 9, 2007. The one-paragraph letter states, "I am answering your complaint that I was just made aware of by a friend. . . . This is my answer to your complaint – it is without merit as we did only one job in Seattle, and as I don't know your basis of this complaint, etc." Declaration of Joseph Turi, (Dkt. #34), Ex. B.

Plaintiffs do not dispute that if the letter constitutes an answer, it was timely and would void the judgment as prematurely sought. They argue that the letter is not an answer because it is not addressed to the Court, and the words and tone used therein evidence an intent other than to file an answer. However, the Turis were not represented

ORDER - 2

by counsel when they sent the letter, so the Court construes it broadly.  Furthermore, the letter states that it is "answering your complaint."  In addition, "pleadings must be construed so as to do justice." Fed. R. Civ. P. 8(e).  Construing a *pro se* filing narrowly so as to preclude adjudication on the merits is inconsistent with that provision.

Plaintiffs also argue that in the letter, Mr. Turi did not admit or deny the allegations in the complaint, did not state any defenses, and did not respond fairly to the substance of the allegations as required by Federal Rule of Civil Procedure 8.  The Turis counter that the letter was intended to be a general denial.  General denials are permitted by Rule 8(b)(3).  Whether a general denial was proper under these circumstances is a separate issue, and one that the Court leaves for another day.  Accordingly, the letter constituted an answer, and the default judgment is void because it was sought and entered before the expiration of the summons period.

Plaintiffs also argue that the motion should be denied because "Mr. Turi has no meritorious defenses to the Trust Funds [sic] claim, and therefore the outcome would be exactly the same as if the Trust Funds were awarded a default judgment."  Plaintiffs' Response at p. 4.  This motion is not the proper vehicle to resolve whether the Turis have meritorious defenses.[2]  Rather, plaintiffs can file a dispositive motion to resolve that issue.  Plaintiffs also argue that they will suffer prejudice if the judgment is vacated because as a result of the intervening bankruptcy filing, "the Trust Fund will go from having the status of Secured Creditor (i.e. Judgment holder) to one of being a General Unsecured Creditor."  Id. at p. 10.  However, even if the Court were to find that the Turis

---

[2] See, e.g., Batchelor v. Palmer, 129 Wash. 150, 158 (1924) (explaining that a defendant who appears "prior to the time his right to appear expires, may upon motion, without the [sic] showing a meritorious defense, have vacated any judgment against him theretofore entered therein").

ORDER - 3

1 lack meritorious defenses, it would be improper to enter a retroactive judgment to prevent
2 plaintiffs from losing their secured creditor status.

3     For all of the foregoing reasons, the Turis' motion (Dkt. #33) is GRANTED. The
4 order of default entered on April 4, 2007, and the default judgment entered on April 5,
5 2007, are hereby vacated and set aside. The Clerk of the Court is directed to reopen this
6 case. Within twenty days of the date of this order, the parties must file a joint status
7 report advising the Court of whether this case should be stayed in light of the bankruptcy
8 filing.

10     DATED this 8th day of May, 2008.

13     */s/ Robert S. Lasnik*
    Robert S. Lasnik
    United States District Judge

26 ORDER - 4