UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

EMPLOYEE PAINTERS TRUST
HEALTH & WELFARE FUND, *et al.*,

Plaintiffs,

v.

PRO-TEC FIREPROOFING, INC., *et al.*,

Defendants.

Case No. C06-1267RSL

ORDER DENYING MOTION
FOR SUMMARY JUDGMENT

## I. INTRODUCTION

This matter comes before the Court on a motion for summary judgment filed by plaintiffs, who will be referred to collectively as the "Trust Funds." The Trust Funds seek a judgment against defendant Kristi Turi, who they claim is liable in her individual capacity for unpaid employee benefit contributions. Ms. Turi denies individual liability.

For the reasons set forth below, the Court denies plaintiffs' motion.

## II. DISCUSSION

**A. Background Facts.**

The Trust Funds are joint labor-management employee benefit trust funds created pursuant to the Labor Management Relations Act, 29 U.S.C. § 186(c)(5) and are

governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et. seq.* Pro-Tec Fireproofing, Inc. (the "company") was an employer and building contractor that specialized in installing fireproofing materials. Defendant Joseph Turi was the President of the company, and his wife, Kristi Turi, was the company's Treasurer.

Mr. Turi, on behalf of the company, signed a Letter of Assent (the "Letter") binding the company to the Master Labor Agreement ("MLA") in effect between two third parties. The Letter lists Kristi Blair[1] as the Treasurer of the company. Affidavit of David Tuttle in Support of Motion for Summary Judgment, (Dkt. #61) ("Tuttle Decl."), Ex. A. The MLA required that if a signatory company did bargaining unit work outside the geographic area of the union, then that company would be bound by the MLA of the Local Painters Union in that geographic area.

Beginning in June 2002, the company performed bargaining unit work in the geographic district of the IUPAT DC 5, which required the company to be a party to the MLA of that labor union. That MLA required the company (1) to pay employee benefit contributions on all hours of bargaining unit work to the Trust Funds, and (2) to ratify and agree to be bound by the Trust Funds Trust Agreements. The Trust Funds Trust Agreements state, among other provisions, that "the President, the Treasurer, and any other corporate officer who is responsible for payment of contributions by the corporation to the Trust Fund shall be each individually liable for the payment of the contributions." Tuttle Decl., Ex. C.

---

[1] Ms. Turi has been listed in various documents as Kristi Turi, Kristi Blair, and Kristi Eler. The Court refers to her as Ms. Turi as the parties do. Ms. Turi does not dispute that the reference to Kristi Blair in the Letter refers to her.

ORDER DENYING MOTION
FOR SUMMARY JUDGMENT - 2

1    The company did not make the required employee benefit contributions. The
2 Trust Funds brought suit against the company and obtained a judgment against it in
3 February 2005. The company, which has dissolved, has not paid the amount owed on the
4 judgment.
5    The Trust Funds subsequently filed suit against the Turis in this Court. Joseph
6 Turi filed for bankruptcy protection, was discharged, and was dismissed as a defendant in
7 this case. Ms. Turi has not filed for bankruptcy protection. The Trust Funds seek a
8 judgment against Ms. Turi for $287,644.16, which includes the unpaid employee benefit
9 contributions, liquidated damages, interest, audit costs, and litigation-related costs and
10 attorney's fees.

11 **B.    Summary Judgment Standard.**

12    Summary judgment is appropriate when, viewing the facts in the light most
13 favorable to the nonmoving party, the records show that "there is no genuine issue as to
14 any material fact and that the movant is entitled to judgment as a matter of law." Fed. R.
15 Civ. P. 56(c). Once the moving party has satisfied its burden, it is entitled to summary
16 judgment if the non-moving party fails to designate, by affidavits, depositions, answers to
17 interrogatories, or admissions on file, "specific facts showing that there is a genuine issue
18 for trial." Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).

19    All reasonable inferences supported by the evidence are to be drawn in favor of
20 the nonmoving party. See Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th
21 Cir. 2002). "[I]f a rational trier of fact might resolve the issues in favor of the nonmoving
22 party, summary judgment must be denied." T.W. Elec. Serv., Inc. v. Pacific Elec.
23 Contractors Ass'n, 809 F.2d 626, 631 (9th Cir. 1987). "The mere existence of a scintilla
24 of evidence in support of the non-moving party's position is not sufficient." Triton

1  Energy Corp. v. Square D Co., 68 F.3d 1216, 1221 (9th Cir. 1995).  "[S]ummary
2  judgment should be granted where the nonmoving party fails to offer evidence from
3  which a reasonable jury could return a verdict in its favor." Id. at 1221.

**C.     Analysis.**

The Trust Funds move for summary judgment under the theory that the plain language of the Trust Funds Trust Agreement provides for individual liability for the company's treasurer.[2]  The Court applies federal law, rather than state contract law, to decide this dispute.  Employee Painters' Trust v. J & B Finishes, 77 F.3d 1188, 1191 (9th Cir. 1996).  The Trust Funds argue that as in *J & B Finishes*, the contract language is unambiguous and provides for personal liability.  This case, however, presents a key distinction.  Unlike the individual defendant in that case, Ms. Turi did not sign the Letter.  She claims that she did not authorize Mr. Turi to sign it on her behalf.  Ms. Turi further contends that she never read the Letter during the relevant time.  Declaration of Kristi Turi, (Dkt. #64) at ¶ 5.  Mr. Turi did not purport to sign the Letter on Ms. Turi's behalf.  Mr. Turi signed the Letter as "Joseph Turi/President" under the language, "APPROVED, ACCEPTED AND SIGNED on behalf of the Employer."  Tuttle Decl., Ex. A.  The Trust Funds have not shown that Mr. Turi was acting as Ms. Turi's agent or that he was otherwise authorized to bind her to the agreement.

The Trust Funds have not provided any authority in support of imposing personal liability on a corporate officer who did not sign the contract.  In fact, in *J & B Finishes*, the court repeatedly referenced the fact that the individual defendant signed the

---

[2] There may be other theories under which a corporate officer could be held liable for the company's debt.  Because the Trust Funds did not move on any other theory of liability, the Court expresses no opinion as to their applicability.

ORDER DENYING MOTION
FOR SUMMARY JUDGMENT - 4

agreement. Id. at 1192 ("A party who signs a written agreement is bound by its terms;" explaining that defendant "bound himself to those agreements when he signed the counterpart agreement. Personal liability in such circumstances may be harsh for the signatory, but nothing suggests it is contrary to federal labor policy"); see also Operating Engineers Pen. Trust v. Cecil Backhoe, 795 F.2d 1501, 1505 (9th Cir. 1986) (holding that an individual who signed the contract could be held personally liable). Under these circumstances, the undisputed facts do not show that Ms. Turi is personally liable for the company's debt.

### III. CONCLUSION

For all of the foregoing reasons, the Court DENIES plaintiffs' motion for summary judgment (Dkt. #60).

DATED this 16th day of December, 2008.

*[signature]*
Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION
FOR SUMMARY JUDGMENT - 5